IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-79,656-03






IN RE ROBERT JASON LOGAN, Relator






ON APPLICATION FOR A WRIT OF MANDAMUS

CAUSE NOS. CR-25976-A & CR-28367-B IN THE 75TH DISTRICT COURT

FROM LIBERTY COUNTY





 Per curiam.


O R D E R




 Relator has filed a motion for leave to file a writ of mandamus pursuant to the original
jurisdiction of this Court. In it, he contends that he filed applications for a writ of habeas corpus in
the 75th District Court of Liberty County and that the District Clerk has not complied with Article
11.07, § 7, of the Code of Criminal Procedure. 

 On November 27, 2013, we held this application in abeyance and ordered the District Clerk
to respond and state whether she complied with § 7. On December 9, we received a response. A
deputy in the District Clerk's Office stated that her office policy is to send inmates copies of
documents "ordered" to be sent. Regardless of whether documents are "ordered" to be sent, the
District Clerk has a ministerial duty under § 7 to mail or deliver to an applicant copies of answers,
motions, pleadings, and orders. Tex. Code Crim. Proc. art. 11.07, § 7. We are also unable to
determine from the deputy's response whether the District Clerk has complied with § 7. The deputy
stated that both of Relator's Article 11.07 applications contain the State's waiver of notice and an
order "directing evidence on controverted, unresolved facts." The deputy said she therefore believed
she had complied with § 7. The deputy shall file a second response and state what orders, if any, she
has sent to Relator in response to his Article 11.07 applications. This application for leave to file
a writ of mandamus shall be held in abeyance until Respondent has submitted the appropriate
response. Such response shall be submitted within 30 days of the date of this order.



Filed: December 18, 2013

Do not publish